* * * * * * * * * * *
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Baddour. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Baddour with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The defendant is a duly qualified self-insured, with Key Risk Management Services as the Third-Party Administrator.
3. An employee-employer relationship existed between the parties at all relevant times.
4. Plaintiff suffered a compensable injury by accident on March 30, 2000 which resulted in injury to his head and left jaw.
5. Defendant denies that plaintiff's ongoing illnesses, including but not limited to hypertension and PTSD, are related to the March 30, 2000 injury.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was 61 years old. At the time of the injury, he was employed by defendant as a science teacher at Anson Challenge Academy.
2. On March 30, 2000, plaintiff was assaulted by a student who pushed him against the wall in the school hallway. Plaintiff was treated at Anson Community Hospital.
3. Following the assault, plaintiff returned to work and finished teaching the remainder of the school year.
4. At the end of the school year, plaintiff's probationary employment contract was not recommended for renewal, and thus plaintiff was not offered a job to teach the next school year.
5. Prior to this injury by accident, plaintiff suffered from a variety of health problems, including severe hypertension and high blood pressure.
6. In his written contentions to the Commission, plaintiff argues that he is currently disabled "due to symptoms of dizziness, gait disturbance, balance problems and memory loss."
7. Regarding the issue of whether the March 30, 2002 accident aggravated plaintiff's pre-existing hypertension and high blood pressure, Dr. Cynthia McLemore, plaintiff's treating physician, testified only that "there's the possibility that it could have aggravated the situation" due to "the event being very stressful." Dr. McLemore offered no testimony to establish that the events of March 30, 2002 have caused plaintiff ongoing stress and thus ongoing elevated blood pressure.
8. When asked whether the March 30, 2002 accident significantly contributed to plaintiff suffering from dizziness, Dr. McLemore testified only "that it could have."
9. Dr. McLemore did not offer a causation opinion with regard to plaintiff's conditions of gait disturbance, balance problems and memory loss.
10. The competent medical evidence of record fails to establish that plaintiff's hypertension and high blood pressure, or his alleged symptoms of dizziness, gait disturbance, balance problems and memory loss, were caused or aggravated by his accident at work on March 30, 2002.
11. Any disability suffered by plaintiff is the result of medical conditions that plaintiff has failed to establish are related to his accident at work on March 30, 2002.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. For an injury to be compensable, it must be an injury by accident arising out of and in the course of the employment. N.C. Gen. Stat. § 97-2(6). "Where the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury." Click v. Pilot FreightCarriers, Inc., 300 N.C. 164, 265 S.E.2d 389 (1980). "Could" or "might" expert testimony is insufficient to support a causal connection when there is additional evidence or testimony showing the expert's opinion to be a guess or mere speculation. Young v.Hickory Business Furniture, 353 N.C. 227, 538 S.E.2d 912 (2000).
In the present case, there is no competent medical evidence to establish, beyond mere speculation, a causal relationship between plaintiff's accident at work on March 30, 2002 and his various medical conditions that are allegedly disabling.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 ORDER
1. Plaintiff's claim for temporary total disability, and for medical treatment of his hypertension and high blood pressure, and alleged symptoms of dizziness, gait disturbance, balance problems and memory loss, is DENIED.
2. Each side shall pay its own costs.
This the __ day of March, 2006.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER